UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYCO INTEGRATED SECURITY, LLC, et al.,<br><br>　　　　　　　　Plaintiffs,<br>　v.<br><br>JOHN B. BRADFORD,<br><br>　　　　　　　　Defendant. | C16-1373 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on plaintiffs Tyco Integrated Security LLC, Tyco International Management Company, LLC, and Tyco International PLC's (collectively, "plaintiffs") Motion for Partial Summary Judgment, docket no. 55. Having reviewed all papers filed in support of and in opposition to plaintiffs' motion, the parties' supplemental briefing, docket nos. 93, 94, the arguments of counsel at the hearing on July 20, 2017, and the telephone conferences on July 28, 2017, and August 31, 2017, and plaintiffs' Notice of Consent, docket no. 102, and defendant's Response, docket no. 101, the Court hereby FINDS and ORDERS that:

1. The Court has jurisdiction over the parties and the subject matter.

ORDER - 1

2. Tyco International PLC ("TIP") is the corporate parent of both Tyco International Management Company, LLC ("TIMC") and Tyco Integrated Security, LLC ("TycoIS").

3. From 2008 until he left his employment on June 8, 2016, defendant John Bradford served as Director, Regional Sales, National Accounts West for TycoIS.

4. On November 20, 2013, Mr. Bradford executed the 2013 RSU Award Agreement with TIP's predecessor, Tyco International, Ltd. Declaration of Anthony Cataldo, docket no. 56, Ex. 1. The 2013 RSU Award Agreement contains restrictive covenants of non-disclosure, non-competition, and non-solicitation of customers and employees. Cataldo Decl., Ex. 1, ¶ 11(b). Pursuant to those covenants, Mr. Bradford agreed that he would not:

    a. "disclose confidential or proprietary information or trade secrets, related to any business of [TIP] or the Subsidiary";

    b. for one year following his employment with TycoIS, "be employed by, any person or entity engaged in any business that is (i) located in a region with respect to which [Mr. Bradford] had substantial responsibilities while employed by [TIP] or its Subsidiaries, and (ii) competitive with (A) the line of business or businesses of [TIP] or its Subsidiaries that you were employed with during your employment . . . or (B) any other business of [TIP] or its Subsidiaries with respect to which you had substantial exposure during such employment"; and

    c. for two years following his employment with TycoIS, "directly or indirectly, on [his] own behalf or on behalf of another (i) solicit, recruit, aid or

induce any employee of [TIP] or its Subsidiaries to leave their employment with [TIP] or its Subsidiaries in order to accept employment with or render services to another person or entity unaffiliated with [TIP] or its Subsidiaries, or hire or knowingly take any action to assist or aid any other person or entity in hiring any such employee; or (ii) solicit, aid, or induce any customer of [TIP] or any of its Subsidiaries to purchase goods or services then sold by [TIP] or its Subsidiaries from another person or entity, or assist or aid any other persons or entity in identifying or soliciting any such customer."

5. In the 2013 RSU Award Agreement Mr. Bradford acknowledged that "irreparable injury will result to [TIP] and its business," in the event of Mr. Bradford's breach of "any of [the] covenants and commitments under this Agreement, including the covenants of non-competition and non-solicitation." Cataldo Decl., Ex. 1, ¶ 11(b).

6. The 2013 RSU Award Agreement contains a New Jersey choice of law clause. Cataldo Decl., Ex. 1, ¶ 23. The parties agree that New Jersey substantive law applies to the 2013 RSU Award Agreement.

7. The restrictive covenant of non-competition in the 2013 RSU Award Agreement expired by its terms on June 8, 2016.

8. Plaintiffs have withdrawn any claim for actual damages and have agreed on the record that they will not seek attorney's fees from Mr. Bradford in this proceeding.

9. Under New Jersey law, post-employment restrictive covenants are subject to partial enforcement to the extent they are reasonable under the circumstances of the particular case. *Solari Industries, Inc. v. Malady*, 55 N.J. 571, 585 (1970); *see also Nat'l*

*Reprographics, Inc. v. Strom*, 621 F. Supp. 2d 204, 222 (D.N.J. 2008). Consistent with this authority, the Court finds that the restrictive covenants contained in the 2013 RSU Award Agreement are valid and enforceable as follows[1]:

    a.    The one year non-compete covenant is valid and enforceable when limited to positions with competitors that involve the performance of duties for which defendant was responsible while serving as Director, Regional Sales, National Accounts West for TycoIS;

    b.    The two year covenant of non-solicitation of employees is valid and enforceable, except to the extent the covenant prohibits mere identification;

    c.    The two year covenant of non-solicitation of customers is valid and enforceable when limited to Mr. Bradford's use of plaintiffs' confidential information[2]; and

    d.    The covenant of non-disclosure is valid and enforceable when limited to two years.[3]

---

[1] Although plaintiffs' Motion for Partial Summary Judgment did not explicitly seek a ruling that the restrictive covenants of non-disclosure and non-solicitation of customers were valid and enforceable, between the extensive briefing on the parties' three motions for summary judgment, the parties' supplemental briefing, and the argument of counsel at the July 20, 2017, hearing and the telephone conferences, the issue has been sufficiently argued for the Court to reach a decision on the validity of these provisions.

[2] The 2015 Retention Incentive Bonus Agreement between Mr. Bradford and TIMC protects plaintiffs' interests in their customer relationships by prohibiting solicitation of plaintiffs' customers using confidential trade secret information. Cataldo Decl., docket no. 56, Ex. 3, ¶ 5(b). The Court finds that the customer non-solicitation clause in the 2013 RSU Award Agreement, narrowed to Mr. Bradford's use of plaintiffs' confidential information is sufficient to adequately protect plaintiffs' legitimate interests. The Court further finds that no evidence of any trade secret violation has been submitted and no order relating to trade secrets would be appropriate.

[3] The Tyco U.S. FY2015 Sales Compensation Plan Policies and Procedures ("2015 Sales Policies") between Mr. Bradford and TycoIS seeks to protect the same confidential and proprietary pricing, margin,

10. The Court finds that defendant's employment with plaintiffs' competitor G4S Secure Integration, LLC ("G4S") as Vice President – Sales, beginning June 30, 2016, through June 8, 2017, was a material breach of the 2013 RSU Award Agreement, in particular, the non-compete covenant set forth in ¶ 11(b), Cataldo Decl., Ex. 1.

11. The Court finds that Mr. Bradford (i) was privy to plaintiffs' confidential and proprietary pricing, cost, and margin information, and customer lists and requirements, Cataldo Decl., Ex. 5 (Deposition of John Bradford at 19:18-21:12; 24:9-25:23), Cataldo Decl., docket no. 61, Ex. 33 (Bradford Dep. at 124:10-14); Declaration of Neal Vanskiver, docket no. 11, ¶¶ 11-12; (ii) identified Craig Shulman[4] as a candidate for a role at G4S, although no solicitation of Mr. Shulman by G4S ultimately occurred, Cataldo Decl., Ex. 5 (Bradford Dep. at 144:3-145:4), Ex. 7 (Deposition of Francis Cirone at 214:17-218:16), Ex. 9; and (iii) commented on the margin proposed by G4S Chief Financial Officer Joseph Schwaderer regarding a sale to Facebook, a customer with whom Mr. Bradford worked while employed by TycoIS. Cataldo Decl., docket no. 61, Ex. 23, Ex. 33 (Bradford Dep. 123:6-124:24).

12. In light of Mr. Bradford's conduct, the Court finds that there is sufficient credible evidence of record that if defendant Bradford remains employed by G4S, there is

---

and customer information as the 2013 RSU Award Agreement but unlike the 2013 RSU Award Agreement, limits the duration of the covenant to two years after Mr. Bradford's employment with TycoIS ceases. Cataldo Decl., docket no. 72, Ex. 36 (2015 Sales Policies). The Court finds that a two-year non-disclosure covenant is sufficient to protect plaintiffs' interests in its confidential and proprietary pricing, margin, and customer information.

[4] Mr. Cirone testified initially that although Mr. Shulman had "an @tyco.com email address" it was "not clear to [him] that Mr. Shulman is a Tyco employee." Cataldo Decl., Ex. 7 (Cirone Dep. at 216:14-217:6). Mr. Cirone later admitted, however, that he knew Mr. Shulman and that Mr. Bradford had, in fact, "identified a current Tyco employee as a candidate for a role at G4S." *Id.* (Cirone Dep. at 218:3-16).

a continuing and imminent threat that absent Court Order, he may use or disclose plaintiffs' confidential or proprietary information in violation of the covenant of non-disclosure and/or violate the non-solicitation covenants with regard to plaintiffs' employees and customers contained in the 2013 RSU Award Agreement.

13. Equity empowers this Court with substantial discretion to fashion an appropriate remedy as a result of the breach of contract found above, especially where calculation of monetary damages for future violations would be difficult, if not impossible. Although the Court declines to use its equitable discretion to extend the term of the covenant of non-competition and enjoin Mr. Bradford's employment with G4S, the Court finds that, in equity, it is necessary and appropriate under the circumstances to require that Bradford perform the post-employment obligations, subject to the limitations identified above, for the remaining duration to prevent irreparable injury to plaintiffs. *See Coskey's Television & Radio Sales and Service, Inc. v. Foti*, 253 N.J. Super. 626, 639 (1992) (holding that the appropriate preliminary relief for an alleged breach of a covenant of non-competition was to enforce customer specific restraints and restraints on the use of information).

14. Plaintiffs' Motion for Partial Summary Judgment, docket no. 55, is GRANTED IN PART as follows:

    a. The Court grants summary judgment in favor of plaintiffs on plaintiffs' claim for breach of the restrictive covenant of non-competition contained in the 2013 RSU Award Agreement. The Court awards nominal damages in the amount of $1.00.

    b.  In addition, based on his breach of the 2013 RSU Award Agreement, the Court hereby ORDERS defendant Bradford to specifically perform the obligations imposed under the 2013 RSU Award Agreement, subject to the limitations identified above, by refraining, until June 8, 2018, from:

      i.  directly or indirectly soliciting, recruiting, aiding or inducing any employee of TIP or its subsidiaries to leave their employment with TIP or its subsidiaries in order to accept employment with or render services to another person or entity unaffiliated with TIP or its subsidiaries, or hiring or knowingly taking any action to assist or aid any other person or entity in hiring any such employee;

      ii.  using confidential and proprietary information of TIP or its subsidiaries to solicit, aid, or induce any customer of TIP or its subsidiaries to purchase goods or services then sold by TIP or its subsidiaries from another person or entity, or assist or aid any other persons or entity in identifying or soliciting any such customer; and

      iii.  disclosing confidential or proprietary information related to any business of TIP or its subsidiaries.

  15. To the extent not otherwise addressed herein, all other relief sought in Plaintiffs' Motion for Partial Summary Judgment is DENIED.

  16. Plaintiffs' claims for actual damages and for attorney's fees are DISMISSED with prejudice.

17. Based on this Court's Order and the agreement of the parties, Judgment will be entered in accordance with this Order and the case will be dismissed with prejudice and without costs.

IT IS SO ORDERED.

Dated this 6th day of September, 2017.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge